IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| *In re:* | Case No.: 20-12219-JCO |
| TIMOTHY WAYNE TARVER, | Chapter 13 |
| *Debtor.* | |

## MEMORANDUM ORDER AND OPINION DENYING MOTION TO RECONSIDER

This matter is before the court on Timothy Tarver's Amended Motion to Reconsider (doc. 141) ("Motion") the Memorandum Order and Opinion entered February 13, 2023. (Doc. 138). Having considered the Motion, this court finds that sufficient grounds do not exist to alter or amend its prior ruling and Tarver's Motion is due to be DENIED for the following reasons:

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. §157(b) and this Court has the authority to enter a final order.

## FACTS AND PROCEDURAL HISTORY

The background, findings of fact, and conclusions of law pertinent to consideration of the Motion are set out in the Memorandum Order and Opinion entered in this case on February 13, 2023 ("Opinion")(doc.138) which is incorporated herein by reference. As set out in the Opinion, this court denied confirmation of Tarver's Chapter 13 Plan and sustained in part and overruled in

1

part Tarver's objection to the proof of claim filed by Susan Davis (ECF Claim No. 4)("Claim"). Davis' Claim was based on the September 3, 2020 Order of the Circuit Court of Elmore County, Alabama ("Order") requiring Tarver to pay a purger amount of $92,569.66 plus attorney's fees of $7,500.00. Davis sought priority treatment of the debt and Tarver objected to the Claim asserting that the Order was unenforceable. Upon the analysis set out in the Opinion, this court held that although Davis failed to establish that her Claim was entitled to priority, the Circuit Court Order was sufficient to support the allowance of a general unsecured claim.[1]

Now Tarver's Motion, " . . .requests that [this court]. . . reconsider its holding sustaining Ms. Davis's (Creditor) Claim." (Doc. 141 at 1).[2] In support of his Motion, Tarver asserts the same arguments previously raised at every turn in his litigation journey, including his contention that the state court award is unenforceable and that payments of VA benefits are not assignable except to the extent specifically authorized by law. *Id.* Tarver's Motion also contends that Davis agreed that the September 3, 2020 Order[3] required payment from his VA disability. The record contains a copy of the Third Contempt Order (doc 40-2; ECF Claim No 4-1) which does not within its four corners refer to VA Disability or require satisfaction from any specific source. The Record in this case also reflects that Tarver's income greatly exceeds his expenses without respect to the amount he receives in VA disability.

---

[1] The Opinion also allows Davis to seek reconsideration if she obtains an order from the state court sufficient to establish that her Claim is entitled to priority.
[2] This court views the Motion as a request to reconsider its allowance of Davis' claim as a general unsecured claim.
[3] This Order is also referred to as the Third Contempt Order herein and in the Opinion.

2

ANALYSIS

Although the Motion does not state the rule or statutory grounds upon which Tarver seeks relief, this court construes his request to fall under Section 502 of the Bankruptcy Code which provides in part, " . . . A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. §502(j). The party seeking reconsideration bears the burden of proving that the requested relief is appropriate. *In re Rayborn*, 307 B.R. 710 (Bankr. S.D. Ala. 2002). In *Rayborn* the court explained that,

> Reconsideration under § 502(j) is a two-step process. A court must first decide whether "cause" for reconsideration has been shown. [*In re*] *Jones*, 2000 WL 33673759 at 2 [Bank. M.D. N.C. 2000]. Then, the Court decides whether the "equities of the case" dictate allowance or disallowance of the claim. *Id.*; 11 U.S.C. § 502(j). "Bankruptcy courts have substantial discretion in deciding what constitutes 'cause' for reconsidering a claim pursuant to section 502(j)." [*In re*]*Coffman*, 271 B.R. [492]at 498 [(Bankr. N.D.Tx 2002(citations omitted)]; *In re Davis*, 237 B.R. 177, 181–82 (M.D.Ala.1999).

*In re Rayborn,*720–21.

### *Tarver Has Not Shown Sufficient Cause To Amend This Court's Prior Ruling*

Tarver's Motion fails to establish sufficient cause to amend this court's ruling. Tarver is well aware that the District Court and the Eleventh Circuit have both held that the *Rooker-Feldman Doctrine* prevents the lower federal courts from re-adjudicating the state court judgment. This court's Opinion was supported by its determinations that: (1) the *Rooker-Feldman Doctrine* generally applies in bankruptcy proceedings; (2) it was not necessary or appropriate to re-litigate the same issues that had already been extensively litigated in the state and federal courts; (3) deference to the state court proceedings was warranted consistent with principles of comity and

judicial economy; and (4) the bankruptcy court should otherwise abstain from entangling itself in the state court domestic matter due to the already excessive and redundant pre-petition litigation.

To the extent that Tarver's Motion to Reconsider seeks to rely on arguments, statements of opposing counsel, or stipulations[4], this court as the trier of fact considered the same before issuing its Opinion and afforded each the weight it deemed appropriate. Courts are not bound by stipulations if: (1) the parties stipulated to facts that do not exist; (2) reliance on the stipulation would be manifestly unjust or the evidence contrary to the stipulation is substantial; or (3) if the stipulation regards a question of law. *Biegler v. Educational Credit Management Corp.*, 609 B.R. 289 (N.D.N.Y. 2019)(*citing In re Roland*, 294 B.R. 244, 250 (Bankr. S.D.N.Y. 2003).

This Court gave greater weight to the actual language of the Third Contempt Order rather than any party's characterization of it. The Order (ECF Claim No 4-1) does not contain any language requiring that the funds be remitted from Tarver's VA disability; it is just an order to pay a sum certain. Specifically, the Elmore County Circuit Court Order states in part,

> Mr. Tarver having received all the bond funds from the Clerk when requested to return the funds and he did not return the money sent to him in error.
>
> Mr. Tarver last paid funds to Mrs. Tarver in September 2018.
>
> ORDERED,
>
> 1. That Mr. Tarver has the ability to pay his agreed settlement, monthly and has failed.
>
> 2. That he is found to be in contempt and placed into custody, pending payment of the purger amount of $92,569.66.
>
> 3. Attorneys fees of $7500.00 taxed to Mr. Tarver for the attorney bringing this Contempt Action.

(ECF CLAIM No 40-1; Doc 40-2).

---

[4] The proposed stipulations referenced by counsel were received by email to chambers staff and were considered in the court's analysis but were not specifically referenced in the Opinion because they were not filed on the Record, were not sufficient to address the pending matters, and conflicted with other documentary evidence.

4

Thus, the Order reflects that the Circuit Court held Tarver in contempt not only for his failure to pay support since 2018 but also his failure to remit bond money sent to him in error. The Order set a purger amount to be paid for Tarver's release from the Elmore County Jail. A "purger amount" is a lump sum required to be paid to exonerate someone from a finding of contempt. The Order does not mention VA disability, does not require that the purger amount be paid from VA disability, or even require Tarver to pay the amount (as conceivably someone else could have paid it on his behalf to effectuate his release from custody). It is undisputed that the purger amount was not paid and Tarver instead used the filing of this bankruptcy as his get out of jail free card.

Other courts have noted that contempt citations constitute unsecured debts and may even be held non-dischargeable. *See In re Allison*, 176 B.R. 60 (Bankr.S.D.Fla.1994); *In re Stairs*, 307 B.R. 698 (Bankr. D. Colo. 2004). The Order here essentially constituted a specific monetary award or sanction which the Circuit Court deemed appropriate for its finding of contempt and it has not been altered, amended, or vacated. Thus, this court recognized that Davis' claim was properly filed under Rule 3001 and constituted prima facie evidence of the debt. Regardless of Tarver's position that the Divorce Decree, the Third Contempt Order, or any other order of the Domestic Court is unenforceable in whole or in part, he has not prevailed on such arguments in the state or federal courts. Therefore, this court found that Tarver's redundant arguments were ineffectual and the Order sufficiently supported Davis' claim as an unsecured debt. Tarver's Motion to Reconsider, as amended presents nothing new or compelling but rather makes the same arguments which this court has already considered. As such Tarver has not met his burden to show sufficient cause to amend this court's prior ruling.

*The Equities Of The Case Do Not Warrant The Relief Sought*

The cornerstone of the bankruptcy courts has always been the doing of equity. *In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986). Good faith or basic honesty is the very antithesis of attempting to circumvent a legal obligation through a technicality of the law. *Id.* at 941. The Eleventh Circuit has made clear that bankruptcy courts are required to preserve the integrity of the bankruptcy process by refusing to condone its abuse. *Id.* The equitable doctrine of unclean hands provides that one who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness will appeal in vain to a court of conscience. *In re Kingsley,* 518 F.3d 874, 878 (11th Cir. 2008)(*citing In re Garfinkle*, 672 F.2d 1340, 1346 n. 7 (11th Cir.1982)).

This court set out in its Opinion that an assessment of the totality of the circumstances in this case supported a finding that Tarver had not acted in good faith because: (1) even though his income greatly exceeds his expenses, he has made essentially no effort to pay the amounts due to Davis under the Divorce Decree and has purposefully accumulated substantial arrearage; (2) he has not proposed to pay all of his disposable income into the plan; (3) his living expenses include a large payment on a luxury vehicle that was purchased within thirty days of the bankruptcy; (4) his motivation for filing bankruptcy was not due to unfortunate circumstances beyond his control such as illness, loss of employment, or unexpected expenses but by his own desire to avoid paying his ex-wife agreed upon and court ordered amounts; and (5) his failure to turnover the funds from the state court supersedeas bond as ordered. Yet this court allowed Tarver an opportunity to try to overcome the indicia of bad faith. However, it is now evident from the filing of the Motion that Tarver would rather expend his time and resources belaboring the same arguments rather than making any good faith efforts to resolve objections, propose a viable plan, and move forward with

his bankruptcy case which has been pending and unconfirmed for over two years. Thus, the equities do not favor Tarver or warrant the relief requested.

## CONCLUSION

Based on the above, it is hereby ORDERED, ADJUDGED, and DECREED that Tarver's Motion to Reconsider is due to be and is hereby DENIED.

Dated: March 1, 2023

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE